UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LORRAINE TOWNSEND,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 10-218 (ESH) |
| | : | |
| **RAY MABUS, Secretary,** | : | |
| **U.S. DEPARTMENT OF THE NAVY,** | : | |
| | : | |
| **Defendant.** | : | |

### OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Ray Mabus, as the Secretary, U.S. Department of the Navy (hereinafter "Navy"), by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the plaintiff's Motion to Strike the Navy's Reply to the plaintiff's Opposition to the Navy's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (hereinafter "Motion to Strike"), Dkt #15.  The plaintiff argues that the reply should be stricken because the reply did not include a Certificate of Service.  Motion to Strike, Dkt #15, ¶¶ 4-8.  As the Navy pointed out in its Notice of Filing Certificate of Service, Dkt #16, although a statement of Certificate of Service was omitted from the Navy's Reply, this was inadvertent due to the fact that, in the overwhelming number of documents filed with the court, Certificates of Service are not included because service is through the Court's ECF system.  More important, nonetheless, service was made on the plaintiff via first-class mail by placing the filing in the mail on the date it was filed with the Court.  Additionally, a Certificate of Service was actually filed last week so that the record is now complete.  See Dkt #16.  Moreover, the served documents were not

returned to counsel.  Most important, the plaintiff clearly received these documents in that in her filing, she refers in Exhibit A to substantive portions of the document.  See Dkt #15.  Given that the plaintiff was served with a copy of the Navy's Reply and a Certificate of Service of such document has now been filed, the plaintiff's Motion to Strike is moot.  Thus, it should be denied.[1]

The plaintiff erroneously claims that the Navy's Reply was filed by agency counsel.  See Motion to Strike, Dkt #15, ¶¶ 7-8.  The plaintiff bases this on the fact that the Navy submitted as Exhibit A to its Reply a copy of the Navy's Motion to Dismiss, which was filed before the Equal Employment Opportunity Commission (hereinafter "EEOC") by agency counsel.  See Dkt #14, Attachment #1.  This exhibit explains that the Navy has moved to dismiss the plaintiff's currently pending administrative complaint in light of the plaintiff's allegations in this case.  It is merely an exhibit to the reply brief, explaining the procedural history of this case.  It is not the actual reply brief as filed.   As the Court's docket in this matter clearly reflects, the Reply was filed by the undersigned.

The plaintiff also argues that the Navy's Motion to Dismiss before the EEOC indicates that this court has jurisdiction over this case.  Motion To Strike, Dkt #15, ¶ 2.  However, contrary to the plaintiff's claims, the Navy's EEOC Motion to Dismiss merely cites to the regulations which authorize the plaintiff to file her complaint in this court once 180 days have passed.  The Navy, in the EEOC Motion to Dismiss does not concede that this court has jurisdiction over the contract or Constitutional claims which it has moved to dismiss here.

---

[1] The Navy notes that the plaintiff's Motion does not comply with LcvR 7(c) because it does not include a proposed order.

Despite the clear notice by the Court and the Navy in its motion and reply, in her Motion to Strike, as in her Opposition, the plaintiff fails to address or respond to the Navy's arguments and fails to present specific evidence to dispute the facts stated therein. As a result, the Navy's statement of facts should be accepted as true, and its arguments accepted. Based on those facts, the Navy's motion to dismiss and motion for summary judgment should be granted.

## CONCLUSION

WHEREFORE, for these reasons, the Navy respectively requests that the court deny the plaintiff's Motion to Strike the Navy's Reply to the Plaintiff's Opposition to the Navy's Motion to Dismiss or, Alternatively, Motion for Summary Judgment. The Navy further requests that, based on the arguments presented in its dispositive motion, the Court dismiss the plaintiff's breach of settlement agreement and Constitutional claims. The Navy further requests that the Court grant summary judgment in its favor.

                 Respectfully submitted,

                 RONALD C. MACHEN JR., DC Bar #447889
                 United States Attorney

                 RUDOLPH CONTRERAS, DC Bar #434122
                 Assistant United States Attorney
                    /s/
                 DARIA J. ZANE, DC Bar #412783
                 Assistant United States Attorney
                 Civil Division
                 555 4th St., NW, Rm. E-4224
                 Washington, DC 20530
                 202/307-0372
                 FAX: 202/514-8780
                 daria.zane@usdoj.gov

DATE: September 8, 2010

OF COUNSEL:

Karen Nappo
Counsel, Secretariat Headquarters
Human Resources Office
Department of the Navy

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a copy of the foregoing Opposition to the Plaintiff's Motion to Strike the Navy's Reply to the Plaintiff's Opposition to the Navy's Motion to Dismiss, or Alternatively, Motion for Summary Judgment and proposed Order to be placed in the mail for service via first-class mail upon the plaintiff, Lorraine L. Townsend, at the address listed in the Court's record on this 8th day of September, 2010.

                                                    _____/s/_____
                                                    Daria J. Zane
                                                    Assistant United States Attorney