# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

|  |  |  |
|---|---|---|
| LORRAINE TOWNSEND, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 10-0218 (ESH)** |
| | ) | |
| RAY MABUS, Secretary, | ) | |
| U.S. DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| **Defendant.** | ) | |

———————————————————————

## MEMORANDUM OPINION

Before the Court is defendant's motion pursuant to Federal Rules of Civil Procedure

12(b)(6) and 56 to dismiss or, alternatively, for summary judgment. (*See* Def.'s Mot. to Dismiss

Or, Alternatively for Summ. J., July 19, 2010 [dkt. 10].) On July 26, 2010, the Court issued an

Order in accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Neal v. Kelly*,

963 F.2d 453 (D.C. Cir. 1992), advising plaintiff of her obligations under the Federal Rules of

Civil Procedure and the Local Civil Rules.[1]  (Order, July 26, 2010.)  In particular, plaintiff was

informed that the Court would accept as true any factual assertions contained in affidavits,

declarations or attachments submitted by defendant in support of a motion for summary

judgment unless plaintiff submitted affidavits, declarations, or documentary evidence showing

that defendant's assertions are untrue.  (*Id.* at 3.)

Here, defendant has submitted a lengthy memorandum in support of its motion to dismiss

———————————————————————

[1] The Court's Order quoted extensively from Local Rule 7(h)(1) and Federal Rule of Civil Procedure 56(e) and expressly warned plaintiff that she must "set out specific facts showing a genuine issue for trial" and "rebut [defendant's] affidavits with other affidavits or sworn statements; simple allegations that [defendant's] affidavits are incorrect are not sufficient."  (Order, July 26, 2010, at 2.)

and for summary judgment, including 26 exhibits.  It has moved to dismiss plaintiff's

constitutional and breach of contract claims for lack of jurisdiction,[2] and it has moved for

summary judgment on plaintiff's remaining claims on the grounds that there were legitimate,

non-discriminatory reasons for plaintiff's dismissal and performance ratings.  (Def.'s Mem. at 2,

30.)  Defendant also contends that plaintiff's claim regarding her 2008 performance rating, and

various other incidents in which plaintiff's performance was described and/or assessed, do not

establish a hostile work environment.  (*Id.* at 41.)  In support of its motion, defendant attaches a

variety of documentation, including emails and memoranda by and concerning plaintiff; Equal

Employment Opportunity Commission ("EEOC") hearing transcripts, decisions, and orders;

excerpts from a deposition of Ms. Townsend; and the entire 256-page Merit Systems Protection

---

[2] Defendant moves to dismiss plaintiff's breach of settlement/contract claims on the ground that the Court of Federal Claims is the only court with jurisdiction over breach of settlement claims against the federal government where the relief sought exceeds $10,000.00.  (Def. Dep't of the Navy's Mem. of P. & A. in Supp. of Its Mot. to Dismiss or, Alternatively, for Summ J. ["Def,'s Mem."] at 21); *see also Greenhill v. Spellings*, 482 F.3d 569, 571, 575-76 (D.C. Cir. 2007) (concluding that Court of Federal Claims had "exclusive" jurisdiction over plaintiff's claim that government had breached settlement agreement reached after plaintiff filed discrimination complaints with EEOC). Defendant moves to dismiss plaintiff's constitutional claims on the ground that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment and that the government has not waived its immunity from suit for any constitutional torts that may be committed by its employees regarding personnel actions.  (Def.'s Mem. at 23-24); *see also Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 828-29 (1976) (Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment" ); *see also Spagnola v. Mathis*, 859 F.2d 223, 230 (D.C. Cir. 1988) ("'[S]pecial factors' preclude the creation of a [*Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971)] remedy for civil service employees and applicants who advance constitutional challenges to federal personnel actions.").  Although defendant frames both aspects of its motion to dismiss as jurisdictional, the Court is persuaded that defendant's argument regarding plaintiff's constitutional claims is "better understood as seeking dismissal under [Federal Rule of Civil Procedure] 12(b)(6), not Rule 12(b)(1)."  *Kim v. United States*, 618 F. Supp. 2d 31, 38 (D.D.C. 2009) (defendants' argument that plaintiffs failed to state claim for *Bivens* action because of the existence of a comprehensive statutory remedial scheme seeks dismissal under Rule 12(b)(6), not Rule 12(b)(1)).

Board (MSPB) hearing transcript.  The motion also includes a statement of material facts not in

dispute, setting forth plaintiff's work performance leading to her poor review and termination.

(Def.'s Statement of Material Facts Not in Genuine Dispute in Supp. of Its Mot. for Summ. J.

["SOMF"] ¶¶ 5-11.)

       Plaintiff's three-page opposition to defendant's motion fails to address any of the

arguments made by defendant.  Plaintiff ignores defendant's jurisdictional arguments, and

although she claims to "disput[e]" the "alleged facts of the Defendant," she does not specify

which facts she disputes.  (Opp'n to Def.'s Mot. to Dismiss, or, Alternatively, Mot. for Summ. J.

["Opp'n"] at 1.)  She does not identify any "specific facts showing that there is a genuine issue

for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Indeed, plaintiff's

opposition contains no factual allegations.  Plaintiff contends that "[d]efendant appears to be

maintaining that a person that has a hearing at Equal Employment Opportunity Commission

(EEOC) and Merit System Protection Board (MSPB) that it is precluded that a person can't go to

the US District Court because of an unfavorable ruling."  (Opp'n at 2.)  However, although

defendant's brief relies on the testimony from the prior EEOC and MSPB hearings to establish a

record of the "legitimate, non-discriminatory reasons for plaintiff's removal" and her

performance ratings (Def.'s Mem. at 31-37), defendant does not argue that these prior

proceedings preclude plaintiff's lawsuit.  Rather, defendant contends that evidence adduced in

those proceedings entitles it to summary judgment.  (*Id.* at 38.)

       Plaintiff objects that "[t]here has been no facts being produced in this matter and

[defendant is] attempting to use the EEOC and MSPB as facts of this case."  (Opp'n at 3.)  But

the hearing transcripts from these proceedings are part of the administrative record in this case,

and the Court is entitled to rely on the administrative record in a case brought under Title VII of the Civil Rights Act of 1964.[3]  *See, e.g.*, *Hackley v. Roudebush*, 520 F.2d 108, 150 (D.C. Cir. 1975) ("[T]he administrative record should be admissible for whatever weight the trial judge wishes to accord it, and most de novo testimony would be in the nature of supplementation to th[e administrative] record.").  That the Court's review of plaintiff's claims is *de novo* does not, as plaintiff appears to claim, entitle her to discovery duplicative of that which is already in the record.  *See id.* ("[T]here is no reason why the de novo proceedings need duplicate the administrative record..").

To the extent that plaintiff seeks discovery to complete or supplement what is already in the record pursuant to Federal Rule of Civil Procedure 56(f),[4] plaintiff has failed to "state with 'sufficient particularity to the district court . . . why discovery [i]s necessary.'"  *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (quoting *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989)).  "Federal Rule of Civil Procedure

---

[3] Plaintiff does not assert any legal or other authority in support of her claim that "[i]t is well established that the testimonies [in the administrative record] can only be used for impeachment purposes and not as the law or facts of this case." (Opp'n at 2.)  In any event, this assertion is incorrect.  *See Hackley v. Roudebush*, 520 F.2d 108, 156 n.195 (D.C. Cir. 1975) (noting that transcripts from underlying administrative hearings "may be admissible under [Federal Rule of Evidence] 803(6) or (8)(B)").  Moreover, while "parties should be able to object to the admissibility of particular portions of the administrative record on specific grounds," whether such objections should be sustained "depend[s] on the particular facts and circumstances of each case." *Id.*  Here, plaintiff has made no attempt to specify portions of the administrative record she believes are incomplete or otherwise objectionable, nor has she articulated a reason why the Court should not rely on sworn testimony presented under penalty of perjury during an MSPB hearing at which plaintiff was present and had the opportunity to question witnesses and respond to any statements made by witnesses by providing her own testimony.  (*See* SOMF, Ex. 25 at 7.)

[4] Plaintiff's opposition does not include a motion pursuant to Rule 56(f), nor does it include an affidavit explaining why she cannot present facts essential to justify her opposition, as required by the rule.  Fed. Rule Civ. P. 56(f).

56(f) provides that a court may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang*, 864 F.2d at 861.  Here, plaintiff has not stated why she cannot, absent discovery, present by affidavit facts essential to justify her opposition defendant's summary judgment motion.  As such, the Court need not grant plaintiff time to conduct such discovery before deciding defendant's motion.  *See id.*

The only other argument plaintiff makes in her opposition is that defendant's motion for summary judgment is untimely because defendant has not filed an answer to the complaint in this case.  (Opp'n at 3.)  However, under Federal Rule of Civil Procedure 56, a defendant may move for summary judgment "at any time until 30 days after the close of all discovery."  Fed. Rule Civ. P. 56(c)(1)(A); *see also Jones v. U.S. Dep't of Justice*, 601 F. Supp. 2d 297, 302 (D.D.C. 2009) ("A defendant . . . is not required to respond in the form of an answer before making a motion for summary judgment, which may be made by a defending party 'at any time.'") (quoting Fed. Rule Civ. P. 56(c)(1)(A)); 10A C. Wright, A. Miller, M. Kane, *Fed. Prac. & Proc. 3d* § 2718 (1998) ("A defending party is not required by the rule to file an answer before moving for summary judgment.").  Accordingly, plaintiff's argument that defendant's motion should be denied as untimely is unavailing.

Plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial, *see Liberty Lobby*, 477 U.S. at 256, and she has not explained why or what discovery is necessary to supplement the administrative record in this case.  Her mere statement that she is "disputing" the facts as alleged by defendant is insufficient to prevent summary judgment.  (Opp'n at 1.)  Moreover, she has failed to address any of defendant's arguments

5

supporting its motion to dismiss, and binding case law establishes that the Court lacks

jurisdiction over plaintiff's breach of contract claims and that plaintiff has failed to state valid

constitutional claims.  *See Brown*, 425 U.S. at 828-29; *Greenhill*, 482 F.3d  at 575-76.  As such,

the Court will grant defendant's motion to dismiss[5] and for summary judgment.  A separate

Order accompanies this Memorandum Opinion.


                                              /s/
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

Date:   September 13, 2010

---

[5] Because the Court of Federal Claims may have jurisdiction over plaintiff's claims that the government violated the settlement agreement between the parties, the Court will dismiss these claims without prejudice.  *See Greenhill*, 482 F.3d  at 575-76.  Because plaintiff is precluded from bring her constitutional claims against defendant in any court, the Court will dismiss these claims with prejudice.  *See Brown*, 425 U.S. at 828-29; *Spagnola*, 859 F.2d at 228-29.